UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                                                                             :

**JOSEPH ALLGOOD**,

                              Plaintiff,

                     – against –

**MICHAEL J. FRANCHISE**, Warden of
Riverhead Correctional Facility,

                            Defendant.

**MEMORANDUM AND ORDER**

20-CV-1946 (AMD) (SMG)

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       On April 27, 2020, the *pro se* plaintiff, currently detained at Greenhaven Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 against Michael J. Franchise, Warden of Riverhead Correctional Facility. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis*, which was completed on July 9, 2020, is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, I dismiss the complaint, but give the plaintiff leave to file an amended complaint.

## BACKGROUND

       The plaintiff claims that he "had a traumatic slip and fall" in April of 2019, when he was an inmate at Riverhead Correctional Facility. (ECF No. 1 at 4.) He slipped because "[t]he floor was extremely wet without proper wet floor signs indicat[ing] such danger." (*Id.*) He was treated at Peconic Bay Medical Hospital in Riverhead, New York. (*Id.*) He claims that the fall "aggravated" knee surgery that he had in August of 2018, and caused him "excruciating pain along with [his] back and right hand." (*Id.*)

According to the plaintiff, Warden Franchise was "involved" because he did not "allow[] or designat[e] custodial practices of his employees in displaying proper signs indicating dangers within his facility for the handicapped." (*Id.*) He seeks fifty million dollars in damages. (*Id.* at 6.)

The plaintiff filed a prior action in this Court on June 10, 2019 that concerned the same incident. *Allgood v. Suffolk County Jail, et al.*, No. 2:19-CV-3446 (E.D.N.Y. filed June 10, 2019). I dismissed the complaint for failure to state a claim, but gave the plaintiff thirty days to amend his complaint. *Id.*, ECF No. 10 (Aug. 20, 2019). The plaintiff did not file an amended complaint, and the Clerk of Court entered judgment dismissing the action. *Id.*, ECF No. 13 (Oct. 7, 2019).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Prison Litigation Reform Act requires me to dismiss complaints brought by prisoners that do not satisfy these requirements. *See Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999); 42 U.S.C. § 1997e(c); *see also* 28 U.S.C. § 1915(A) (the court must dismiss complaints brought by prisoners seeking redress from governmental entities, officers or employees that do not satisfy these requirements).

## DISCUSSION

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

Because the plaintiff has not alleged a constitutional violation, he has not stated a claim under Section 1983. Under the Eighth Amendment, he has the right to be free from "conditions of confinement" that pose an "excessive risk to inmate health or safety."[1] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, his allegations about a wet floor that caused him to slip and

---

[1] It is not clear from the pleadings whether plaintiff was convicted during the period relevant to his claims. If plaintiff was detained but not convicted, the Due Process Clause of the Fourteenth Amendment applies to his claims; if he was convicted, the Eighth Amendment applies. *See Darnell v. Pinero*, 849 F.3d 17, 29 (2d Cir. 2017).

3

fall state at most a claim for simple negligence, not a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials); *Martinez v. Schiro*, No. 14-CV-3965, 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) ("As courts in this circuit have regularly found, wet floor conditions that cause a prisoner to slip and fall do not constitute an Eighth Amendment violation.") (citing cases); *Brown v. N.Y.C. Dep't of Corr.*, No. 17-CV-420, 2017 WL 473874, at *2 (E.D.N.Y. Feb. 3, 2017) ("[C]ourts have routinely found that allegations of a wet floor that cause a prisoner to slip and fall at most support a finding of simple negligence, and therefore do not reach the level of a constitutional violation required for a § 1983 claim.") (citing cases); *Valencia v. Goez*, No. 18-CV-3564, 2019 WL 1755964, at *4 (E.D.N.Y. Apr. 19, 2019) ("Insofar as Plaintiff seeks to impose Section 1983 liability based on a 'slip and fall' at the Jail, leave to file an Amended Complaint is DENIED. It is clear that this claim does not implicate a constitutional deprivation. At best, Plaintiff has alleged a negligence claim.") (citing cases).

To the extent that the complaint could be construed as asserting a claim for inadequate medical care at Riverhead, it does not allege facts supporting deliberate indifference to his serious medical needs and is therefore dismissed. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) ("An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of deliberate indifference to a prisoner's serious medical needs.") (citations, quotation marks and alterations omitted).

## CONCLUSION

For the reasons stated above, I dismiss the plaintiff's complaint. In light of the plaintiff's *pro se* status, and in an abundance of caution, I give the plaintiff leave to amend his complaint within 30 days. The new complaint must be captioned "Amended Complaint" and bear the same

4

docket number as this order (20-CV-1946 (AMD) (SMG)).  The plaintiff is advised that any amended complaint will completely replace the original complaint, so he should not rely on any allegations in the original complaint.

No summons will issue at this time and all further proceedings will be stayed for 30 days.  If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will enter.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                                _____
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
          August 4, 2020